## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GLEN JARELL RANKINS, | ) CASE NO. 1:23-CV-177 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| vs. | ) |
| | ) **MEMORANDUM OPINION** |
| CUYAHOGA COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) **AND ORDER** |
| Defendants. | ) |

### I. Procedural History

On January 30, 2023, Plaintiff filed a complaint against Defendants for retaliation. (ECF No. 1, PageID #6). On May 7, 2024, Defendants Cuyahoga County Sheriff's Department and Cuyahoga County Correction Center filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss. (ECF No. 27). Defendants assert that this action should be dismissed for three reasons: 1) both Defendants are not *sui juris*, 2) Plaintiff's action fails to state a cognizable cause of action, and 3) dismissal is proper under 28 U.S.C. § 1915(a)(2). (*Id*. at PageID #246). On June 17, 2024, the Court dismissed Defendant Eddie Larko without prejudice for lack of service. (ECF No. 28).

On July 17, 2024, Plaintiff opposed Defendants' motion to dismiss. (ECF No. 29). Plaintiff argues that Defendants are incorrect that they cannot be sued because they have previously been sued for "[a]buse of [i]nmates, [d]erilection of [d]uty as well as many other behaviors that constitute [c]ruel and [u]nusual [p]unishment." (*Id*. at PageID #260). On July 24, 2024, Defendants replied in support of their motion. (ECF No. 31). On September 16, 2024, Plaintiff replied in support of his opposition to Defendants' motion to dismiss. (ECF No. 32).

## II. Legal Standard

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Com. Money Center, Inc. v. Illinois Union Ins.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to Plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in Plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

## III. Analysis

Defendants argue that they must be dismissed from this action because they do not have the legal capacity to be sued as they are not *sui juris*. (ECF No. 27, PageID #248). Plaintiff argues that Defendants do not enjoy sovereign immunity, so they "prejudicially lied to this Court by stating they are not Sui Juris." (ECF No. 29, PageID #259).

Civil actions may be brought against state actors who commit constitutional violations. 42 U.S.C. § 1983. This includes retaliation claims. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). Under Ohio law, "a county sheriff's department is not a legal entity subject to suit." *Carmichael v. City of Cleveland*, 881 F. Supp. 2d 833, 841 (N.D. Ohio Apr. 30, 2012); aff'd by *Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014); *see also Petty v. Cnty. Of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) ("[A] county sheriff's office is not a legal entity

capable of being sued for purposes of § 1983.").  This is also true for county corrections centers, including the Cuyahoga County Corrections Center.  *Cobbeldick v. Cuyahoga Cnty. Corr. Ctr.*, No. 1:21 CV 1159, 2021 WL 4951759, at *2 (N.D. Ohio Oct. 25, 2021) ("[T]he Cuyahoga County Corrections Center is not a proper Defendant."); *King v. Cuyahoga Cnty. Jail*, No. 1:19 CV 1449, 2019 WL 5653296, at *4 (N.D. Ohio Oct. 31, 2019) ("[T]he Cuyahoga County Jail is not a proper Defendant because it is not *sui juris*, meaning that under Ohio law, it is not a legal entity that is capable of suing or being sued.").  The Cuyahoga County Sheriff's Department and Correction Center are both subunits of Cuyahoga County.  They are not individual legal entities able to be sued.  Consequently, Defendants are not *sui juris* and cannot be sued for Plaintiff's retaliation claim.

### IV.    Conclusion

Accordingly, the Court **GRANTS** Defendants' motion to dismiss (ECF No. 27) and **DISMISSES** this case **WITHOUT PREJUDICE**.  Plaintiff's pending motions for cause, discovery, conference, and judgment are **DENIED** as **MOOT** because this case is closed.  (ECF Nos. 33, 34, 35, and 36).

**IT IS SO ORDERED.**

Dated:  January 29, 2025

———————————————————
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**